IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALAN T. BROOKS, | § | |
| | § | |
| Plaintiff Below, | § | No. 466, 2016 |
| Appellant, | § | |
| | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| MATT DENN, | § | C.A. No. N16M-07-161 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: October 6, 2016
Decided: November 30, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 30th day of November 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)  The appellant, Alan T. Brooks, filed this appeal from the Superior Court's dismissal of his complaint for a writ of mandamus and a declaratory judgment.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Brooks' opening brief that his appeal is without merit.  We agree and affirm.

(2) A Superior Court jury convicted Brooks of multiple crimes, including Murder in the First Degree, in 1987. Brooks was sentenced to life imprisonment. Brooks' convictions were affirmed on direct appeal.[1]

(3) On August 4, 2016, Brooks filed a complaint for a writ of mandamus under 10 *Del. C.* § 564 and a declaratory judgment under 10 *Del. C.* § 6501 in the Superior Court. Brooks sought issuance of a writ of mandamus to the Attorney General's Office for production of under seal criminal records relating to a witness who testified at his 1987 trial and a declaratory judgment that he was entitled to the records. Brooks claimed he was entitled to the records under *Brady v. Maryland*[2] because the witness received a deal from the State in exchange for her statement implicating Brooks and her testimony at trial, but falsely testified at trial that she did not receive a deal or leniency from the State. Brooks unsuccessfully raised this *Brady* claim in his fourth and fifth motions for postconviction relief under Superior Court Criminal Rule 61.[3]

---

[1] *Skinner v. State*, 575 A.2d 1108 (Del. 1990).
[2] 373 U.S. 83 (1963).
[3] *Brooks v. State*, 2012 WL 3595141, at *1 (Del. Aug. 21, 2012) (affirming the Superior Court's conclusion that Brooks' *Brady* claim in his fifth postconviction motion was procedurally barred under Rule 61); *Brooks v. State*, 2010 WL 2197622, at *1-2 (Del. June 2, 2010) (affirming the Superior Court's conclusion that Brooks' *Brady* claim in his fourth postconviction motion was procedurally barred under Rule 61 and the Superior Court's denial of Brooks' request for an evidentiary hearing to review the records).

(4)     Upon initial review of the complaint, the Superior Court found that it plainly appeared from the face of the complaint that Brooks was not entitled to relief.  The Superior Court dismissed the complaint.  This appeal followed.

(5)     In his opening brief, Brooks argues that the Superior Court erred in dismissing his complaint because he was entitled to the documents under *Brady* and he needed the documents to overturn his convictions.  The exclusive remedy for the relief sought by Brooks—production of documents he claims were improperly withheld under *Brady* and that he wishes to use to overturn his convictions—is under Rule 61.[4]  Brooks' previous lack of success under Rule 61 does not mean he can now file a civil complaint to avoid the requirements of his exclusive remedy under Rule 61.  The Superior Court did not err in dismissing Brooks' complaint.

---

[4] Super. Ct. Crim. R. 61(a)(2).  *See also Marvel v. New Castle Cnty. Superior Court*, 2016 WL 3563273, at *1 (Del. June 21, 2016) (affirming the Court of Chancery's dismissal of complaint alleging constitutional violations by this Court and the Superior Court and recognizing that plaintiff's exclusive remedy to overturn his convictions was under Rule 61); *Wright v. State*, 2015 WL 5766520, at *2 (Del. Oct. 1, 2015) (holding Rule 61 provided exclusive remedy for appellant who sought writ of habeas corpus, writ of mandamus, and declaratory judgment to overturn his convictions).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED

and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice